```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE

SCOTT KUHNEN,                    )
                                 )
        Plaintiff                )
                                 )    No. 3:17-0730
v.                               )    Judge Trauger/Brown
                                 )    Jury Demand
DARREN REMINGTON,                )
                                 )
        Defendant                )
```

**TO:    THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Plaintiff's claims against the remaining Defendant, Darren Remington, be dismissed without prejudice for failing to prosecute and obey Court orders.

### BACKGROUND

The Plaintiff, proceeding *pro se*, paid the filing fee and filed his complaint on April 20, 2017 (Docket Entry 1). The complaint lays out alleged actions by Darren Remington and Susanne Gann, which reads much like a dime store novel involving a series of cases in the Middle District of Tennessee and in Arizona between the various parties. Service of process was obtained on both Gann and Remington (Docket Entries 5 and 6). Shortly thereafter the Defendant Gann and the Plaintiff entered a joint motion for an order of dismissal (Docket Entry 7), which was granted on August 21, 2017 (Docket Entry 12).

Subsequently, the Clerk entered default as to the Defendant Remington (Docket Entry 13) on August 23, 2017. The

Plaintiff took no further action in the matter and on October 3, 2017 (Docket Entry 14) the Plaintiff was directed to take some further action, either by moving to dismiss his complaint or by seeking a default judgment, either for a sum certain or for a non-sum certain amount. He was specifically warned that failure to take further action in the matter within 28 days could result in a recommendation by the Magistrate Judge to dismiss his case for failure to prosecute.

As of the date of this report and recommendation the Plaintiff has taken no action in the matter since August 2, 2017, nor has he requested additional time to take action.

**LEGAL DISCUSSION**

The Sixth Circuit has set a four-factor test to determine if dismissal for failure to prosecute is appropriate.

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Schafer v. City of Defiance Police Department*, 529 F.3d 731 (6th Cir. 2008).

As the Court has also noted in *Schafer*, none of these factors are dispositive. Admittedly, the case is at a fairly early

stage. However, the Plaintiff's failure to move his case forward after receiving a default simply leaves the case on the Court's books with no activity whatsoever.

Addressing the four factors in turn, it appears that the Plaintiff's failure to cooperate is willful. He was given a specific order to do one of three things and he chose to do none of them. Since he did not ask for additional time it can only be concluded that his failure to act is willful.

The second factor concerning prejudice to the adversary is not applicable. In fact, dismissal of the claims against the Defendant who is in default is to that Defendant's advantage. However, the Court is disadvantaged insofar as a case remains on its docket without the Court having the ability to move the case forward, except through dismissal.

For the third factor the Plaintiff was clearly warned that failure to do one of the three options could lead to a recommendation to dismiss his case.

Finally, the Magistrate Judge has considered a less drastic sanction and has adopted recommending a dismissal without prejudice, rather than with prejudice.[1]

As Judge Campbell aptly noted in *Smith v. Corrections Corp. of America, et al.*, 3:14-CV-1259, Middle District of Tennessee, Docket Entry 7, filed June 2, 2014,

---

[1] Even if the dismissal is without prejudice, statutes of limitations or other factors may prevent the refiling of the complaint.

> An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's orders or engages in a clear pattern of delay. District Courts have the inherent power to *sua sponte* dismiss an action for want of prosecution 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

(Citations omitted). *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).

### RECOMMENDATION

For the reason stated above, the Magistrate Judge recommends this case be dismissed for want of prosecution and failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 8th day of November, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge